UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK'S INTERNATIONAL, LLC | CIVIL ACTION |
| VERSUS | NO. 16-525-JJB-RLB |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK'S INTERNATIONAL, LLC | CIVIL ACTION |
| VERSUS | NO. 16-525-JJB-RLB |
| NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURG, PA, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 5) filed on September 7, 2016. The Motion is opposed by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). (R. Doc. 7). Plaintiff filed a Reply. (R. Doc. 15).

Oral argument was held on the foregoing motion on October 24, 2016. (R. Doc. 16).

**I.    Background**

On May 9, 1995, EOG Resources, Inc. ("EOG") entered into a Master Service Contract ("MSC") with Frank's International, LLC ("Plaintiff") to perform services at a leased drilling site. (R. Doc. 1-3 at 22-33). Similarly, EOG and Nabors Drilling Technologies USA, Inc., the operator of the oil drilling rig, executed a Master Drilling Contract ("Drilling Contract") in which EOG agreed to defend and indemnify Nabors Drilling Technologies USA, Inc. (R. Doc. 5-1 at 2).

Plaintiff's employee, Ricardo Ruiz, was injured on or about January 21, 2014, at the drilling site. At the time of the accident, Plaintiff had in place a commercial general liability policy issued by National Union and bearing Policy No. GL 194-99-96 ("the Policy"). (R. Doc. 1-3 at 34-132). In accordance with the MSC, the Policy named EOG as an additional insured.

1

On January 19, 2016, Mr. Ruiz initiated a personal injury action in Texas state court against EOG and Nabors Drilling Technologies USA, Inc. f/k/a Nabors Drilling USA LP, its affiliates, employees and affiliates' employees, including Upstream International, LLC, Jeremy Calvery, Blake Stevenson, and Tim Smiley (collectively, "Nabors"). (R. Doc. 1-2 at 13-22). *See Ricardo Ruiz, Jr. v. EOG Resources, Inc. et al.*, Cause No. 26, 186, currently pending in the 25th Judicial District Court in Gonzalez County, Texas (the "underlying suit").

Nabors sought indemnity and defense from EOG pursuant to the Drilling Contract, and then EOG sought indemnity and defense for both itself and Nabors pursuant to the Policy. National Union granted coverage for the indemnity and defense of EOG, but denied coverage for the indemnity and defense of Nabors. (R. Doc. 1-3 at 133-137).

On July 6, 2016, Plaintiff initiated the instant lawsuit against National Union by filing a "Petition for Declaratory Judgment & Bad Faith Denial of Defense and Indemnity" in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2 at 1-12).

On July 21, 2016, Plaintiff filed an Amended Petition adding EOG as a defendant. (R. Doc. 1-3 at 1-11). In its prayer for relief, Plaintiff requests that a "declaratory judgment be issued stating that National Union owes defense and indemnity to Nabors . . . for all claims against them in the underlying suit" and for an award of bad faith damages and penalties. (R. Doc. 1-3 at 10).

On August 5, 2016, National Union removed the action claiming diversity jurisdiction and asserting that EOG was improperly joined as a defendant to destroy complete diversity. (R. Doc. 1). National Union asserts that EOG is not a proper defendant because Plaintiff has not asserted a claim against it, and, therefore, EOG's citizenship should be ignored for determining whether the court has diversity jurisdiction. (R. Doc. 1 at 3).

2

On September 7, 2016, Plaintiff filed the instant Motion to Remand, asserting that there is not complete diversity because both Plaintiff and EOG are citizens of Delaware. (R. Doc. 5).

## II.  Arguments of the Parties

Plaintiff argues that this action must be remanded because EOG is a properly joined defendant, and as a result, complete diversity between the parties does not exist. (R. Doc. 5-1 at 1). Plaintiff argues that EOG is a proper party because it stands to benefit from an insurance coverage decision in this declaratory judgment action. (R. Doc. 5-1 at 2). Plaintiff asserts that EOG has "a substantial interest in [Plaintiff's] suit because the coverage issues presented in this suit will determine, *inter alia*, coverage for claims that EOG has tendered to [Plaintiff]." (R. Doc. 5-1 at 6-8). Plaintiff also asserts that another district court has rejected National Union's current argument with regard to finding improper joinder of a defendant named in a declaratory judgment action. (R. Doc. 5-1 at 8-9).

In opposition, National Union argues that Plaintiff improperly joined EOG as a defendant because it has not asserted a cause of action against EOG and does not otherwise seek recovery from EOG. (R. Doc. 7 at 2-4). National Union further argues that the decisions relied upon by Plaintiff are distinguishable because EOG is not a necessary party to this action. (R. Doc. 7 at 4-6). Finally, National Union argues that if the Court finds that EOG is a necessary party, then the Court should realign EOG as a party-plaintiff because its interests align with those of Plaintiff. (R. Doc. 7 at 6-7). Such realignment would preserve complete diversity between the parties even if the Court concludes that EOG was properly joined as a party. (R. Doc. 7 at 7).

In reply, Plaintiff argues that EOG is properly joined as a defendant, and that realignment is not available because Plaintiff and EOG's interests are divergent. (R. Doc. 15).

3

**III.     Law and Analysis**

    **A.     Improper Joinder**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[1]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . .").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 647.[2]

---

[1] There is no dispute that the amount in controversy requirement is satisfied.  Accordingly, the Court will turn directly to the issue of whether EOG was improperly joined as a defendant.
[2] As the removing defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the court will only consider the latter test for improper joinder.

4

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

The Louisiana Declaratory Judgment Act, La. Code Civ. Proc. art. 1871, *et seq*., applies to declaratory judgment actions initiated in Louisiana courts. In pertinent part, the Louisiana Declaratory Judgment Act provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." La. Code Civ. Proc. art. 1880.

The U.S. District Court for the Western District of Louisiana has recently ruled that in light of the Louisiana Declaratory Judgment Act, the citizenship of non-diverse defendants properly joined in a declaratory judgment action pursuant to article 1880 is considered in determining whether the federal court, upon removal, has diversity jurisdiction. *See Bilyeu v. Wells Fargo Ins. Servs., Inc.*, No. 16-23, 2016 WL 5721070 (W.D. La. Sept. 29, 2016), *adopting report and recommendation sub nom.*, *Bilyeu v. Wells Fargo Ins. Servs. USA, Inc.*, No. 16-23, 2016 WL 5721060, at *1 (W.D. La. Aug. 8, 2016); *see also Johnson v. Metro. Life Ins. Co.*, No. 08-4312, 2009 WL 511282, at *1 n.8 (E.D. La. Feb. 27, 2009) (noting that designated beneficiary under an insurance policy had an interest which would be affected by the declaratory

5

relief sought against insurance company and, therefore, was required to be joined pursuant to article 1880).

The *Bilyeu* court concluded that while the Fifth Circuit, in *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), instructed the district courts to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant," the context of a declaratory judgment action requires district courts to look beyond this semantic framework for determining whether a defendant is "improperly joined." *Bilyeu*, 2016 WL 5721060, at *5. The *Bilyeu* court found the following: (1) the defendants had a direct interest in not just the outcome of the lawsuit, but in the lawsuit itself; (2) the plaintiffs were procedurally required to name the defendants as defendants in the lawsuit; and (3) the potential outcomes of the lawsuit rendered the plaintiffs' positions, in several senses, "adverse" to those of the non-diverse defendants. *Id*. at *6. Construing ambiguities in favor of remand, the court concluded that the non-diverse defendants were properly joined in light of Louisiana procedural law prior to removal. *Id*.[3]

The same result is applicable in this declaratory judgment action. The non-diverse defendant, EOG, has a direct interest in not just the outcome of the lawsuit, but in the lawsuit itself. A declaration of rights under the Policy will determine whether EOG's claim is covered under the Policy and whether EOG will ultimately have to indemnify and defend Nabors. As an additional insured under the Policy, EOG has an "interest which would be affected by the

---

[3] In adopting the magistrate judge's report and recommendation, the district judge acknowledged that the Louisiana Declaratory Judgment Act "is a procedural law, rather than a substantive law." *Bilyeu*, 2016 WL 5721070, at *1 (citation omitted). The court further acknowledged that in a diversity action, the *Erie* doctrine required it to "apply state substantive law, while applying federal procedural law." *Id*. Finally, the court acknowledged that "a declaratory judgment action removed to federal district court is treated as one filed under the Federal Declaratory Judgment Act (28 U.S.C. § 400)." *Id*.

6

declaration" sought in the instant action and was necessarily joined as a party pursuant to Louisiana procedural law prior to removal. Finally, although Plaintiff has not yet sought relief against EOG, its interests and EOG's interests are potentially adverse. Indeed, a declaratory judgment in favor of National Union would likely result in EOG seeking relief directly from Plaintiff pursuant to the MSC.

Finding EOG, as an additional insured, to be a proper party in this action is also consistent with the Fifth Circuit's holding that in a declaratory judgment action brought against an insured, the insurer must join additional claimants, even if not diverse, pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. *See Ranger Insurance Co. v. United Housing of New Mexico Inc.*, 488 F.2d 682, 683 (5th Cir. 1974). In *Ranger*, the Fifth Circuit concluded that the insurer, insured, and any third party with a claim against the insured are all indispensable parties in a declaratory judgment action. *Id*. In particular, the Fifth Circuit raised the concern that the third-party claimants would be prejudiced if they were not joined to the declaratory judgment action because those claimants would have to re-litigate the coverage issue in another lawsuit and would have to potentially contend with the *stare decisis* effect of the first ruling. *Id*.; *see also Continental Cas. Co. v. TLC Servs., Inc.*, No. 14-1124, 2014 WL 7239329, at *2 (E.D. La. 2014) (holding that third-party claimants are proper parties to declaratory judgment actions because they would be prejudiced if they were not joined); *Alonzo v. State*, No. 02-2792, 2002 WL 31654918, at *2 (E. D. La. Nov. 21, 2002) ("[T]he claimant, the insured, and the insurer are all indispensable parties in actions which seek to determine whether an insurer is liable for judgments rendered against its insured in favor of a claimant."). Failure to join such necessary party, even if not diverse, warranted dismissal.

7

Based on the foregoing, the Court concludes that EOG was not "improperly joined" to this action. The presence of EOG as a non-diverse defendant destroys complete diversity.

**B.     Realignment**

National Union argues in the alternative that that EOG should be realigned as a party-plaintiff because Plaintiff's and EOG's interests in the outcome of this matter are completely aligned.

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)).  In the Fifth Circuit, proper alignment is determined by a generally accepted test of whether the parties with the "same 'ultimate interests' in the outcome of the action are on the same side." *Id*. (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc*., 723 F.2d 1173, 1178 (5th Cir. 1984)).

The Fifth Circuit has tacitly approved the practice of realigning the parties after removal. *See*, *e.g.*, *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 632 (5th Cir. 2002) ("[T]he Supreme Court has counseled that when removal has occurred and jurisdictional requirements otherwise have been met, any problems with party labels are immaterial because the parties could have been 'realigned' by the court."); *see also Hillman Lumber Products, Inc. v. Webster Mfg., Inc.*, No. 06-1246, 2006 WL 2644968, at *2 (W.D. La. Sept. 14, 2006) ("'[T]he federal court may realign the parties according to their real interests, as it can in a case originally instituted in a federal court, before deciding whether a true 'defendant' is seeking removal to federal court.'") (quoting Wright, Miller & Cooper, § 3731 at pp. 255-56); *Carlton v. Withers*,

8

609 F. Supp. 146, 149 (M.D. La. 1985) (realignment "applies when determining the propriety of removal based upon diversity jurisdiction").

More recently, courts in the Fifth Circuit have disfavored realignment after removal, particularly in light of federalism concerns. *See Bilyeu*, 2016 WL 5721060, at *7 ("Most courts following the more recent trend [disfavoring realignment after removal] express concerns about federalism."); *Kahn Swick & Foti, LLC v. Specter Roseman Kodroff & Willis, PC*, No. 14-1979, 2014 WL 7140312, at *4 (E.D. La. Dec. 12, 2014) ("[T]he Court recognizes that a number of its sister courts in this Circuit have found utilizing realignment as a basis for removal from state court to be an improper legal mechanism."). In addition, at least one court has held that realigning the parties in the context of an action removed pursuant to a theory of improper joinder "would impermissibly enable a removing defendant to substitute an 'ultimate interest' test for the typically more onerous burden imposed by the doctrine of improper joinder." *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, No. 07-102, 2007 WL 2229050, at *4 (N.D. Tex. Aug. 3, 2007) (declining "to hold that realignment to permit removal is procedurally proper when a defendant has relied on improper joinder to remove a case based on diversity jurisdiction."); *see also Johnson*, 2009 WL 511282, at *2 n. 11 (conducting an "ultimate interest test" analysis but noting the alternative basis supplied by *Prime Income*).

In *Bilyeu*, the district judge recognized that "neither the Fifth Circuit nor the Supreme Court has prohibited realignment after removal." *See Bilyeu*, 2016 WL 5721060, at *7. However, the court concluded that the facts of that case did not justify a departure from the recent trend declining to do so. As in *Bilyeu*, realignment is also inappropriate in this removed action. First, realignment would alter the balance struck by the Fifth Circuit with regard to the improper joinder analysis. At the time of the removal, a plaintiff and a defendant in the state

9

court action shared the same citizenship. As set forth above, Defendant EOG was not improperly joined in this action. While it is conceivable that the parties could have been aligned differently depending on how the action was filed,[4] that is not how the action was removed to this Court.

In addition, even if the Court applied an "ultimate interest test" analysis as urged by National Union, it would conclude that the interests between Plaintiff and EOG are not completed aligned. As set forth above, while Plaintiff seeks relief that would benefit EOG, that is because a result against National Union would "diffuse underlying hostilities" between Plaintiff and EOG. *See Bilyeu*, 2016 WL 5721060, at \*8. In short, a conclusion that the Policy does not apply to the defense and indemnity of Nabors would directly result in Plaintiff and EOG becoming adverse parties.

Accordingly, the circumstances of this case do not justify realignment of EOG as a party plaintiff in order to create diversity of citizenship that did not otherwise exist at the time of removal.

## IV.   Conclusion

Based on the foregoing, the Court concludes that EOG is a proper party in the declaratory judgment action, and Plaintiff's joinder of EOG as a defendant was not improper. Realignment of EOG as a plaintiff is inappropriate because the parties' interests are distinct. As both Plaintiff and EOG are citizens of Delaware, complete diversity is destroyed and the Court cannot exercise diversity jurisdiction.

---

[4] This was acknowledged by the Plaintiff in oral argument.

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 5) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**